```
                   DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN


JANELLE K. SARAUW, BRIGITTE      )
BERRY,                           )
                                 )
             Plaintiffs,         )
                                 )     Civil No. 2017-5
             v.                  )
                                 )
KEVIN A. RODRIQUEZ, CAROLINE F.  )
FAWKES, VIRGIN ISLANDS JOINT     )
BOARD OF ELECTIONS, BOARD OF     )
ELECTIONS ST. THOMAS & ST. JOHN, )
                                 )
             Defendants.         )
                                 )
_____ )
                                 )
KEVIN A. RODRIQUEZ,              )
                                 )
             Plaintiff,          )
                                 )
             v.                  )     Civil No. 2017-3
                                 )
32ND LEGISLATURE OF THE VIRGIN   )
ISLANDS, SENATOR MYRON JACKSON,  )
                                 )
             Defendants.         )
                                 )
_____ )
```

**ATTORNEYS:**

**Edward L. Barry**
Christiansted, U.S.V.I.
    *For Janelle K. Sarauw and Brigitte Berry,*

**Francis E. Jackson, JR**
Law Offices of Francis Jackson
St. Thomas, U.S.V.I.
    *For Kevin A. Rodriquez,*

*Sarauw v. Rodriquez*; *Rodriquez v. 32nd Legislature of the V.I.*
Civil No. 2017-5; Civil No. 2017-3
Order
Page 2

**Claude E. Walker, AG**
**Ariel Marie Smith-Francois, AAG**
**Carol Thomas-Jacobs, AAG**
**Pamela R. Tepper, AAG**
V.I. Department of Justice
St. Thomas, U.S.V.I.
  *For Caroline F. Fawkes,*

**Julita K. De Leon**
St. Thomas, U.S.V.I.
  *For Virgin Islands Joint Board of Elections and Board of Elections St. Thomas & St. John,*

**Kye Walker**
Christiansted, U.S.V.I.
  *For 32nd Legislature of the Virgin Islands and Senator Myron Jackson.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Kevin A. Rodriquez ("Rodriquez") for an order enjoining the Board of Elections, St. Thomas-St. John from holding a special election (the "Rule 62(c) motion"). Rodriquez also moves for an expedited ruling on the Rule 62(c) motion.

Federal Rule of Appellate Procedure 8 provides that litigants "must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P.

*Sarauw v. Rodriquez*; *Rodriquez v. 32nd Legislature of the V.I.*
Civil No. 2017-5; Civil No. 2017-3
Order
Page 3

8(a)(1)(C). Motions for injunctions pending appeal are brought in a district court under Federal Rule of Civil Procedure 62 ("Rule 62"). *See Vasile v. Dean Witter Reynolds, Inc.*, 205 F.3d 1327 (2d Cir. 2000) ("'A party must ordinarily move first in the district court for . . .an order modifying an injunction while an appeal is pending.' Rule 62(c) regulates the power of district courts to grant such relief." (original alterations omitted) (quoting Fed. R. App. P. 8(a)(1))).

In relevant part, Rule 62 provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). When considering Rule 62(c) motions, district courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) ("Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. Under both Rules, however, the factors regulating the issuance of a stay are

*Sarauw v. Rodriquez*; *Rodriquez v. 32nd Legislature of the V.I.*
Civil No. 2017-5; Civil No. 2017-3
Order
Page 4

generally the same." (citing Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a))). The burden to satisfy those four factors lies with the moving party. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."). Having considered those four factors, the Court finds that Rodriquez has failed to meet his burden.

The premises considered, it is hereby

**ORDERED** that Kevin A. Rodriquez's Rule 62(c) motion is **DENIED**; and it is further

**ORDERED** that Kevin A. Rodriquez's motion for an expedited ruling is **MOOT.**


S\_____
**Curtis V. Gómez**
**District Judge**